# EXHIBIT 1

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Application No.: | 18/531,578 | Examiner: | Randy A Scott |
|---|---|---|---|
| Filed: | December 06, 2023 | Art Unit: | 2439 |
| Confirmation No.: | 1120 | Docket No.: | ATOMP001 |
| First Inventor: | Scott Nielsen Weinert Jr. | | |
| Title: | SECURELY COMMUNICATING DATA BETWEEN AN APPLICATION ASSOCIATED WITH AN ENTITY AND A THIRD-PARTY SYSTEM | | |

## AMENDMENT A

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This is in response to the Office Action mailed January 30, 2023. The following amendment and remarks are respectfully submitted.

Applicant(s) believe that no (additional) fees are required beyond any fees submitted herewith. If required fees are missing or any additional fees are required during the pendency of the subject application, please charge such fees or credit any overpayment to Deposit Account No. 50-0685 (ATOMP001).

## IN THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:

Listing of Claims:

1.      (Currently Amended) A system, comprising:

a communication interface; and

a processor, coupled to the communication interface, configured to:

provide in an application context associated with an entity a webview associated with a third-party system, wherein the webview associated with the third-party system displays a native login page associated with the third-party system;

determine that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system that is received via the communication interface at least in part by analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more page elements indicative of the user being authenticated, wherein the response page is the page displayed via the provided webview associated with the third-party system; and

in response to the determination that the user has been authenticated by the third-party system, automate one or more tasks to perform a function with the third-party system on behalf of the entity.

2.      (Original)      The system of claim 1, wherein the processor is configured to provide via a user interface a plurality of third-party systems.

3.      (Original)      The system of claim 2, wherein the processor is configured to receive via the user interface a selection of the third-party system selected from the plurality of third-party systems.

4.      (Canceled)

5.    (Original)    The system of claim 4, wherein the processor is configured to obtain from the selected third-party system the native login page associated with the selected third-party system.

6.    (Original)    The system of claim 4, wherein login credentials associated with the user are provided directly to the selected third-party system.

7.    (Original)    The system of claim 4, wherein login credentials associated with the user are entered into the native login page associated with the selected third-party system via a password manager.

8.    (Canceled)

9.    (Currently Amended) The system of claim [[8]] 1, wherein one of the ~~analyzed~~ one or more page elements is a visual text.

10.    (Currently Amended) The system of claim [[8]] 1, wherein the one or more page elements in the provided webview are analyzed using machine learning.

11.    (Original)    The system of claim 1, wherein the processor is configured to perform the function with the third-party system by initiating bidirectional communication via remote procedure calls with a backend server.

12.    (Original)    The system of claim 11, wherein in response to the remote procedure call, the backend server is configured to provide one or more parameters associated with the function.

13.    (Original)    The system of claim 12, wherein in response to receiving the one or more parameters associated with the function via the remote procedure call, the processor is configured to perform the function with the third-party system using the one or more parameters as values.

14.    (Original)    The system of claim 11, wherein data transferred in the remote procedure call with the backend server is encrypted using elliptic curve cryptography.

15.    (Original)    The system of claim 1, wherein code corresponding to the function associated with the third-party system is embedded in code of an application associated with the entity.

16.    (Currently Amended)  A method, comprising:

Application Serial No.  18/531,578
Attorney Docket No.  ATOMP001                    3

providing in an application context associated with an entity a webview associated with a third-party system, wherein the webview associated with the third-party system displays a native login page associated with the third-party system;

determining that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system at least in part by analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more page elements indicative of the user being authenticated, wherein the response page is the page displayed via the provided webview associated with the third-party system; and

in response to a determination that the user has been authenticated by the third-party system, automating one or more tasks to perform a function with the third-party system on behalf of the entity.

17.    (Canceled)

18.    (Canceled)

19.    (Original)    The method of claim 16, wherein performing the function associated with the third-party system includes initiating a remote procedure call with a backend server.

20.    (Currently Amended) A computer program product embodied in a non-transitory computer readable medium and comprising computer instructions for:

providing in an application context associated with an entity a webview associated with a third-party system, wherein the webview associated with the third-party system displays a native login page associated with the third-party system;

determining that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system at least in part by analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more page elements indicative of the user being authenticated, wherein the response page is the page displayed via the provided webview associated with the third-party system; and

in response to a determination that the user has been authenticated by the third-party system, automating one or more tasks to perform a function with the third-party system on behalf of the entity.

# INTERVIEW SUMMARY

A telephonic interview in the above-referenced case was conducted on March 11, 2024 between the Examiner and the Applicants' undersigned representative. The Office Action mailed on January 30, 2023 was discussed. Specifically, the rejections of claim 1 in light of Martin et al. (US 2015/0134520) and the proposed amendments set forth herein were discussed with the intent to place the claims in better condition for allowance or appeal.

The Applicants thank the Examiner for the interview.

# <u>REMARKS</u>

Claims 4, 8, 17, and 18 have been canceled. Claims 1, 9, 10, 16, and 20 have been amended to clarify the subject matter regarded as the invention. Claims 1-3, 5-7, 9-16, 19, and 20 are pending.

### *Claim Rejections – 35 U.S.C. §102 and/or §103*

Claims 1, 9, 15, 16, and 20 stand rejected under 35 U.S.C. §102 as being anticipated by Martin et al. (US 2015/0134520). The remaining claims stand rejected under 35 U.S.C. §103 based on Martin as combined with one or more other references.

Applicants submit that Martin does not disclose the limitations of "the webview associated with the third-party system displays a native login page associated with the third-party system" and "analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more page elements indicative of the user being authenticated" as recited by independent claims 1, 16, and 20. Examples of support for the amendment may be found, without limitation, in ¶23 and ¶49 of the Specification.

Martin discloses that "[t]he present invention may enable an apparatus (e.g., a computer system) associated with the entity to efficiently enroll the user into a direct deposit program for payroll purposes." Martin at ¶42. Martin further discloses that "[v]ia the first interface, the user may select an account from which he wishes to retrieve information for enrollment into the direct deposit program. User authentication may be required upon the user's account selection. For example, the user may be required to provide a username, a password, a passcode, a user identification number, an answer to a security question, or the like." *Id.* at ¶47. Martin further discloses "[i]f the user wishes to automatically enroll in the direct deposit program, he may be prompted by the apparatus to sign into the online banking account…[b]y entering in his online banking username 314, the user may begin the automatic enrollment process." *Id.* at ¶59. Martin further discloses that "[u]pon successful entry of the user's online banking credentials,

the apparatus may present to the user a wait message 316 as it retrieves the user's account information as displayed in FIG. 7." *Id.* at ¶60.

Although Martin discloses requiring user authentication, Martin is silent regarding providing a "native login page associated with the selected [direct deposit program]." Furthermore, after the user provides login credentials, Martin is silent regarding the limitations of "analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more page elements indicative of the user being authenticated."

It is therefore believed that independent claims 1, 16, and 20 are allowable.

Claims (2, 3, 5-7, 9-15) and 19 depend from claims 1 and 16, respectively, and are therefore believed to be allowable for the same reasons described above.

### *Conclusion*

The foregoing amendments are not to be taken as an admission of unpatentability of any of the claims prior to the amendments.

Reconsideration of the application and allowance of all claims are respectfully requested based on the preceding remarks.  If at any time the Examiner believes that an interview would be helpful, please contact the undersigned.

Respectfully submitted,

Dated:   March 12, 2024          /Timothy H. Hwang/

Timothy H. Hwang
Registration No.  61145
408-973-2579

VAN PELT, YI & JAMES LLP
10050 N. Foothill Blvd., Suite 200
Cupertino, CA 95014
Fax 408-973-2595

Application Serial No.  18/531,578
Attorney Docket No.  ATOMP001                    7