# EXHIBIT 2

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Application No.: | 18/531,578 | Examiner: | Randy A Scott |
|---|---|---|---|
| Filed: | December 06, 2023 | Art Unit: | 2439 |
| Confirmation No.: | 1120 | Docket No.: | ATOMP001 |
| First Inventor: | Scott Nielsen Weinert Jr. | | |
| Title: | SECURELY COMMUNICATING DATA BETWEEN AN APPLICATION ASSOCIATED WITH AN ENTITY AND A THIRD-PARTY SYSTEM | | |

## <u>AMENDMENT B</u>

Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

This is in response to the Office Action mailed March 25, 2024. The following amendment and remarks are respectfully submitted.

Applicant(s) believe that no (additional) fees are required beyond any fees submitted herewith. If required fees are missing or any additional fees are required during the pendency of the subject application, please charge such fees or credit any overpayment to Deposit Account No. 50-0685 (ATOMP001).

## IN THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:

Listing of Claims:

1.    (Currently Amended) A system, comprising:

a communication interface; and

a processor, coupled to the communication interface, configured to:

provide in an application context associated with an entity a webview associated with a third-party system, wherein the webview associated with the third-party system displays a native login page associated with the third-party system, wherein providing the native login page associated with the third-party system via the webview associated with the third-party system removes the need to provide a user's login credentials to an intermediary service with which the application context is associated, wherein the user's login credentials are directly provided from an application associated with the application context, via the webview associated with the third-party system, to the third party system;

determine that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system that is received via the communication interface at least in part by analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more visual page elements indicative of the user being authenticated, wherein the response page is the page displayed via the provided webview associated with the third-party system; and

in response to the determination that the response page includes the one or more visual page elements indicative of the user being authenticated ~~user has been authenticated by the third-party system~~, automate one or more tasks to perform a function with the third-party system on behalf of the entity.

2.    (Currently Amended) The system of claim 1, wherein the processor is configured to provide, via a user interface, a plurality of third-party systems.

Application Serial No.  18/531,578
Attorney Docket No.  ATOMP001                    2

3.    (Currently Amended) The system of claim 2, wherein the processor is configured to receive, via the user interface, a selection of the third-party system selected from the plurality of third-party systems.

4.    (Canceled)

5.    (Currently Amended) The system of claim [[4]] 3, wherein the processor is configured to obtain from the selected third-party system the native login page associated with the selected third-party system.

6.    (Currently Amended) The system of claim [[4]] 3, wherein login credentials associated with the user are provided directly to the selected third-party system.

7.    (Currently Amended) The system of claim [[4]] 3, wherein login credentials associated with the user are entered into the native login page associated with the selected third-party system via a password manager.

8.    (Canceled)

9.    (Previously Presented)    The system of claim 1, wherein one of the one or more page elements is a visual text.

10.    (Previously Presented)    The system of claim 1, wherein the one or more page elements in the provided webview are analyzed using machine learning.

11.    (Original)    The system of claim 1, wherein the processor is configured to perform the function with the third-party system by initiating bidirectional communication via remote procedure calls with a backend server.

12.    (Original)    The system of claim 11, wherein in response to the remote procedure call, the backend server is configured to provide one or more parameters associated with the function.

13.    (Original)    The system of claim 12, wherein in response to receiving the one or more parameters associated with the function via the remote procedure call, the processor is configured to perform the function with the third-party system using the one or more parameters as values.

14.    (Original)    The system of claim 11, wherein data transferred in the remote procedure call with the backend server is encrypted using elliptic curve cryptography.

15.    (Original)    The system of claim 1, wherein code corresponding to the function associated with the third-party system is embedded in code of an application associated with the entity.

16.    (Currently Amended) A method, comprising:

providing in an application context associated with an entity a webview associated with a third-party system, wherein the webview associated with the third-party system displays a native login page associated with the third-party system, wherein providing the native login page associated with the third-party system via the webview associated with the third-party system removes the need to provide a user's login credentials to an intermediary service with which the application context is associated, wherein the user's login credentials are directly provided from an application associated with the application context, via the webview associated with the third-party system, to the third party system;

determining that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system at least in part by analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more visual page elements indicative of the user being authenticated, wherein the response page is the page displayed via the provided webview associated with the third-party system; and

in response to a determination that the response page includes the one or more visual page elements indicative of the user being authenticated user has been authenticated by the third-party system, automating one or more tasks to perform a function with the third-party system on behalf of the entity.

17.    (Canceled)

18.    (Canceled)

19.    (Original)    The method of claim 16, wherein performing the function associated with the third-party system includes initiating a remote procedure call with a backend server.

20.    (Currently Amended) A computer program product embodied in a non-transitory computer readable medium and comprising computer instructions for:

providing in an application context associated with an entity a webview associated with a third-party system, wherein the webview associated with the third-party system displays a native

login page associated with the third-party system, <u>wherein providing the native login page</u> <u>associated with the third-party system via the webview associated with the third-party system</u> <u>removes the need to provide a user's login credentials to an intermediary service with which the</u> <u>application context is associated, wherein the user's login credentials are directly provided from</u> <u>an application associated with the application context, via the webview associated with the third-</u> <u>party system, to the third party system</u>;

determining that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system at least in part by analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more <u>visual</u> page elements indicative of the user being authenticated, wherein the response page is the page displayed via the provided webview associated with the third-party system; and

in response to a determination that the <u>response page includes the one or more visual</u> <u>page elements indicative of the user being authenticated</u> ~~user has been authenticated by the third-party system~~, automating one or more tasks to perform a function with the third-party system on behalf of the entity.

Application Serial No.  18/531,578
Attorney Docket No.  ATOMP001                          5

# **INTERVIEW SUMMARY**

A telephonic interview in the above-referenced case was conducted on June 4, 2024 between the Examiner and the Applicants' undersigned representative.  The Office Action mailed on March 25, 2024 was discussed.  Specifically, the rejections of claim 1 in light of Martin et al. (US 2015/0134520) in view of Selman et al. (US 2023/0043318) and the proposed amendments set forth herein were discussed with the intent to place the claims in better condition for allowance or appeal.

The Applicants thank the Examiner for the interview.

Application Serial No.  18/531,578
Attorney Docket No.  ATOMP001                6

# REMARKS

Claims 1-3, 5-7, 16, and 20 have been amended to clarify the subject matter regarded as the invention. Claims 1-3, 5-7, 9-16, 19, and 20 are pending.

### *Claim Objections*

Claims 2, 3, and 5-7 have been amended in a manner that is believed to overcome the claim objections.

### *Claim Rejections – 35 U.S.C. §103*

Claims 1-3, 5-7, 9, 15-16, and 20 stand rejected under 35 U.S.C. §103 as being unpatentable over Martin et al. (US 2015/0134520) in view of Selman et al. (US 2023/0043318). The remaining claims stand rejected under 35 U.S.C. §103 based on the combination of Martin and Selman further combined with one or more other references.

Applicants submit that neither Martin nor Selman, alone or in combination, disclose or render obvious the limitations of "[determine/determining] that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system that is received via the communication interface at least in part by analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more visual page elements indicative of the user being authenticated" and "in response to the determination that the response page includes the one or more visual page elements indicative of the user being authenticated, [automate/automating] one or more tasks to perform a function with the third-party system on behalf of the entity" as recited by independent claims 1, 16, and 20. Examples of support for the amendment may be found, without limitation, in ¶49 of the Specification.

Pages 5-6 of the Office Action states that "Martin et al does not explicitly teach…determining that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system that is received via the communication interface at least in part by analyzing a response page

displayed in the provided webview associated with the third-party and determining that the response page includes one or more page elements indicative of the user being authenticated," but relies on Selman to cure the deficiencies of Martin.

Selman discloses that "a service provider…can provide one or more payment-related services, which an include banking services, payroll services, payment services, and/or the like." Selman at ¶29. Selman further discloses that "the first-party service provider can provide a mobile payment application 112…to enable a user to access services of the service provider" *Id.* at ¶30. Selman further discloses that the "authentication instruction step may involve the mobile payment application 112 displaying a login page associated with the third-party service provider (e.g., displaying the login page in a webview) and waiting for the cookie(s) received in the instruction(s) at 312 to be set. When the cookie(s) (or other text file(s)) have been set, the mobile payment application 112 may extract the cookie(s) (or other text file(s)), hide the webview, and send a request to the first party-service provider server(s) 102 for the next step of the first loop 310(1)." *Id.* at ¶76.

Applicants submit that receiving a cookie and sending a request after receiving the cookie is different than the claim limitations of "[determine/determining] that a user has been authenticated by the third-party system based on data comprising a page displayed via the provided webview associated with the third-party system that is received via the communication interface at least in part by analyzing a response page displayed via the provided webview associated with the third-party system and determining that the response page includes one or more visual page elements indicative of the user being authenticated" and "in response to the determination that the response page includes the one or more visual page elements indicative of the user being authenticated, [automate/automating] one or more tasks to perform a function with the third-party system on behalf of the entity."

It is therefore believed that independent claims 1, 16, and 20 are allowable.

Claims (2, 3, 5-7, 9-15) and 19 depend from claims 1 and 19, respectively, and are therefore believed to be allowable for the same reasons described above.

## *Conclusion*

The foregoing amendments are not to be taken as an admission of unpatentability of any of the claims prior to the amendments.

Reconsideration of the application and allowance of all claims are respectfully requested based on the preceding remarks.  If at any time the Examiner believes that an interview would be helpful, please contact the undersigned.

Respectfully submitted,

Dated:   June 24, 2024                     /Timothy H. Hwang/
                                           Timothy H. Hwang
                                           Registration No.  61145
                                           408-973-2579

VAN PELT, YI & JAMES LLP
1 1st St, Ste 12
Los Altos, CA 94022
Fax 408-973-2595

Application Serial No.  18/531,578
Attorney Docket No.  ATOMP001                    9