# EXHIBIT 5

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| Application No.: | 18/936,749 | Examiner: | Randy A Scott |
|---|---|---|---|
| Filed: | November 04, 2024 | Art Unit: | 2439 |
| Confirmation No.: | 8654 | Docket No.: | ATOMP001C2 |
| First Inventor: | Scott Nielsen Weinert Jr. | | |
| Title: | SECURELY COMMUNICATING DATA BETWEEN AN APPLICATION ASSOCIATED WITH AN ENTITY AND A THIRD-PARTY SYSTEM | | |

## <u>AMENDMENT A</u>

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear USPTO:

This is in response to the Office Action mailed December 27, 2024. The following amendment and remarks are respectfully submitted.

Applicant(s) believe that no (additional) fees are required beyond any fees submitted herewith. If required fees are missing or any additional fees are required during the pendency of the subject application, please charge such fees or credit any overpayment to Deposit Account No. 50-0685 (ATOMP001C2).

Application Serial No. 18/936,749
Attorney Docket No. ATOMP001C2                1

# IN THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:

Listing of Claims:

1.      (Currently Amended) A system, comprising:

a communication interface; and

a processor, coupled to the communication interface, configured to:

provide, by code associated with a second entity in an application context of an application corresponding to a first entity associated with a user, a webview associated with a third-party system selected from a plurality of third-party systems, wherein the webview associated with the selected third-party system displays a native login page corresponding to the selected third-party system, wherein the user's login credentials are directly provided from the application associated with the application context, via the webview associated with the selected third-party system, to the selected third-party system;

determine by executing the code associated with [[a]] the second entity that the user has been authenticated by the selected third-party system, using data comprising or otherwise associated with a response page displayed via the provided webview associated with the selected third-party system, at least in part by determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, wherein the code associated with the second entity is embedded in code of the application corresponding to the first entity associated with the user; and

in response to the determination that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, automate one or more tasks needed to perform a function, requested by the user, with the selected third-party system on behalf of the entity, including by executing further code associated with the second entity to generate and send via the webview a request to the third-party system, wherein the code associated with the second entity automates the one or more

Application Serial No.  18/936,749
Attorney Docket No.  ATOMP001C2                2

tasks needed to perform the function by providing one or more application programming interface requests to the selected third-party system.

2.    (Original)    The system of claim 1, wherein the processor is configured to provide, via a user interface, the plurality of third-party systems.

3.    (Original)    The system of claim 2, wherein the processor is configured to receive, via the user interface, the selection of the third-party system selected from the plurality of third-party systems.

4.    (Original)    The system of claim 3, wherein the processor is configured to obtain from the selected third-party system the native login page associated with the selected third-party system.

5.    (Original)    The system of claim 3, wherein login credentials associated with the user are not accessed by code associated with the second entity.

6.    (Original)    The system of claim 3, wherein login credentials associated with the user are entered into the native login page associated with the selected third-party system via a password manager.

7.    (Original)    The system of claim 1, wherein the data comprising or otherwise associated with the response page includes a uniform resource locator.

8.    (Original)    The system of claim 1, wherein the data comprising or otherwise associated with the response page is analyzed using machine learning.

9.    (Original)    The system of claim 1, wherein the request comprises an application programming interface request.

10.    (Original)    The system of claim 1, wherein the processor is configured to perform the function with the third-party system by initiating bidirectional communication via remote procedure calls with a backend server.

11.    (Original)    The system of claim 10, wherein the backend server is associated with the second entity.

12.    (Original)    The system of claim 10, wherein in response to the remote procedure call, the backend server is configured to provide one or more parameters associated with the function.

Application Serial No.  18/936,749
Attorney Docket No.  ATOMP001C2                    3

13.    (Original)    The system of claim 12, wherein in response to receiving the one or more parameters associated with the function via the remote procedure call, the processor is configured to perform the function with the third-party system using the one or more parameters as values.

14.    (Original)    The system of claim 10, wherein data transferred in the remote procedure call with the backend server is encrypted using elliptic curve cryptography.

15.    (Canceled)

16.    (Currently Amended) A method, comprising:

providing, by code associated with a second entity in an application context of an application corresponding to a first entity associated with a user, a webview associated with a third-party system selected from a plurality of third-party systems, wherein the webview associated with the selected third-party system displays a native login page corresponding to the selected third-party system, wherein the user's login credentials are directly provided from the application associated with the application context, via the webview associated with the selected third-party system, to the selected third-party system;

determining, by executing the code associated with [[a]] the second entity, that the user has been authenticated by the selected third-party system, using data comprising or otherwise associated with a response page displayed via the provided webview associated with the selected third-party system, at least in part by determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, wherein the code associated with the second entity is embedded in code of the application corresponding to the first entity associated with the user; and

in response to determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, automating one or more tasks needed to perform a function, requested by the user, with the selected third-party system on behalf of the entity, including by executing further code associated with the second entity to generate and send via the webview a request to the third-party system, wherein the code associated with the second entity automates the one or more tasks needed to perform the function by providing one or more application programming interface requests to the selected third-party system.

Application Serial No.  18/936,749
Attorney Docket No.  ATOMP001C2                4

17.    (Original)    The method of claim 16, wherein one of the one or more visual elements is a uniform resource locator.

18.    (Original)    The method of claim 16, wherein one of the one or more visual elements is a visual text.

19.    (Original)    The method of claim 16, wherein performing the function associated with the selected third-party system includes initiating a remote procedure call with a backend server.

20.    (Currently Amended) A computer program product embodied in a non-transitory computer readable medium and comprising computer instructions for:

providing, by code associated with a second entity in an application context of an application corresponding to a first entity associated with a user, a webview associated with a third-party system selected from a plurality of third-party systems, wherein the webview associated with the selected third-party system displays a native login page corresponding to the selected third-party system, wherein the user's login credentials are directly provided from the application associated with the application context, via the webview associated with the selected third-party system, to the selected third-party system;

determining, by executing the code associated with [[a]] the second entity, that the user has been authenticated by the selected third-party system, using data comprising or otherwise associated with a response page displayed via the provided webview associated with the selected third-party system, at least in part by determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, wherein the code associated with the second entity is embedded in code of the application corresponding to the first entity associated with the user; and

in response to determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, automating one or more tasks needed to perform a function, requested by the user, with the selected third-party system on behalf of the entity, including by executing further code associated with the second entity to generate and send via the webview a request to the third-party system, wherein the code associated with the second entity automates the one or more tasks needed to perform the function by providing one or more application programming interface requests to the selected third-party system.

Application Serial No.  18/936,749
Attorney Docket No.  ATOMP001C2                    5

# **INTERVIEW SUMMARY**

A telephonic interview in the above-referenced case was conducted on March 20, 2025 between the Examiner and the Applicants' undersigned representative. The Office Action mailed on December 27, 2024 was discussed. Specifically, the rejections of claim 1 in light of Martin et al. (US 2015/01354520) in view of Selman et al. (US 2023/0043318) and the proposed amendments set forth herein were discussed with the intent to place the claims in better condition for allowance or appeal.

The Applicants thank the Examiner for the interview.

Application Serial No.  18/936,749
Attorney Docket No.  ATOMP001C2                    6

# REMARKS

Claim 15 has been canceled. Claims 1, 16, and 20 have been amended to clarify the subject matter regarded as the invention. Claims 1-14 and 16-20 are pending.

## *Double Patenting*

Claims 1-6, 8, 10, 12-16, and 18-20 have been rejected under the judicially created doctrine of obviousness-type double patenting. It is believed that the Terminal Disclaimer filed herewith is sufficient to overcome the double patenting rejection.

## *Claim Rejections – 35 U.S.C. §103*

Claims 1-9, 16-18, and 20 stand rejected under 35 U.S.C. §103 as being unpatentable over Martin et al. (US 2015/0134520) in view of Selman et al. (US 2023/0043318). The remaining claims stand rejected under 35 U.S.C. §103 based on the combination of Martin and Selman further combined with one or more other references.

Applicants submit that neither Martin nor Selman, alone or in combination, disclose or render obvious, the limitations of "[determining/determine], by executing the code associated with the second entity, that the user has been authenticated by the selected third-party system, using data comprising or otherwise associated with a response page displayed via the provided webview associated with the selected third-party system, at least in part by determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated" where "the code associated with the second entity is embedded in code of the application corresponding to the first entity associated with the user" and "in response to determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, [automating/automate] one or more tasks needed to perform a function, requested by the user, with the selected third-party system on behalf of the entity, including by executing further code associated with the second entity to generate and send via the webview a request to the third-party system" where "the code associated with the second entity automates the one or more tasks needed to perform the function by providing one or more

application programming interface requests to the selected third-party system" as recited by independent claims 1, 16 and 20. Examples of support for the amendments may be found, without limitation, in FIG. 1 as well as in ¶20 and ¶33 of the Specification.

Martin discloses "an 'entity' as used herein may be a financial institution." Martin at ¶39. Martin further discloses that "an apparatus (e.g., computer system) associated with the entity to efficiently enroll the user into a direct deposit program for payroll purposes." *Id.* at ¶43.

However, Martin is silent regarding the limitations of "[determining/determine], by executing the code associated with the second entity, that the user has been authenticated by the selected third-party system, using data comprising or otherwise associated with a response page displayed via the provided webview associated with the selected third-party system, at least in part by determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated" where "the code associated with the second entity is embedded in code of the application corresponding to the first entity associated with the user" and "in response to determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, [automating/automate] one or more tasks needed to perform a function, requested by the user, with the selected third-party system on behalf of the entity, including by executing further code associated with the second entity to generate and send via the webview a request to the third-party system" where "the code associated with the second entity automates the one or more tasks needed to perform the function by providing one or more application programming interface requests to the selected third-party system."

Selman does not cure the deficiencies of Martin. FIG. 1 of Selman, shown below, discloses "a mobile payment application 112" that is provided by a "first-party service provider," service provider(s) 102, and third-party service provider(s) 118. Selman discloses that "a service provider, associated with services provider server(s) 102, can provide one or more payment-related services, which can include banking services, payroll services, payment services, and/or the like. Selman further discloses that "the third-party service provider server(s) 118 can be associated with a banking entity, an insurance company, a social network, an asset exchange network (e.g., for securities, cryptocurrency, etc.), and/or the like." Selman at ¶33.



FIG. 1

Although Selman disclose "a mobile payment application 112," "service provider server(s) 102," and "third-party service provider server(s) 118," Selman is silent regarding "the code associated with the second entity is embedded in code of the [mobile payment application 112]." Thus, Selman does not disclose the limitations of "[determining/determine], by executing the code associated with the second entity, that the user has been authenticated by the selected third-party system, using data comprising or otherwise associated with a response page displayed via the provided webview associated with the selected third-party system, at least in part by determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated" where "the code associated with the second entity is embedded in code of the application corresponding to the first entity associated with the user" and "in response to determining that the data comprising or otherwise associated with the response page includes data indicative of the user being authenticated, [automating/automate] one or more tasks needed to perform a function, requested by the user, with the selected third-party system on behalf of the entity, including by executing further code associated with the second entity to generate and send via the webview a request to the third-party system" where "the code associated with the second entity automates the one or more tasks needed to perform the function by providing one or more application programming interface requests to the selected third-party system."

It is therefore believed that independent claims 1, 16, and 20 are allowable.

Claims 2-14 and 17-19 depend from claims 1 and 16, respectively, and are therefore believed to be allowable for the same reasons described above.

### *Conclusion*

The foregoing amendments are not to be taken as an admission of unpatentability of any of the claims prior to the amendments.

Reconsideration of the application and allowance of all claims are respectfully requested based on the preceding remarks.  If at any time the Examiner believes that an interview would be helpful, please contact the undersigned.

Respectfully submitted,


Dated:   March 21, 2025                    /Timothy H. Hwang/
                                          Timothy H. Hwang
                                          Registration No.  61145
                                          408-973-2579

VAN PELT, YI & JAMES LLP
1 1st St, Ste 12
Los Altos, CA 94022
Fax 408-973-2595


Application Serial No.  18/936,749
Attorney Docket No.  ATOMP001C2                    10